[Crim. No. 1264. Second Appellate District, Division Two.—October 20, 1925.]

## THE PEOPLE, Respondent, v. JOSE RODARTE, Appellant.

[1] CRIMINAL LAW—FIREARMS LAW—FOREIGN NATIVITY—CORPUS DE-
LICTI — EVIDENCE — ADMISSIONS.—In a prosecution for a violation
of the Firearms Act (Stats. 1923, p. 695 et seq.), under which act
it is made a crime for an unnaturalized foreign-born person to
have in his possession a concealed weapon of the type described in
the statute, birth in a foreign country is an essential part of the
*corpus delicti;* and where there is no corroboration of the defend-
ant's extrajudicial admissions of foreign birth, the evidence is
insufficient to prove that element of the crime.

(1) 16 C. J., p. 772, n. 27; 40 Cyc., p. 868, n. 30 New.

APPEAL from a judgment of the Superior Court of
Riverside County and from an order denying a new trial.
William H. Ellis, Judge. Reversed.

The facts are stated in the opinion of the court.

Albert D. Trujillo and William G. Randall for Ap-
pellant.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy
Attorney-General, and John L. Flynn for Respondent.

FINLAYSON, P. J.—Defendant was charged with a
violation of the Firearms Act (Stats. 1923, p. 695 et eq.).
It is made a crime by that act for an unnaturalized foreign-
born person to have in his possession a concealed weapon
of the type described in the statute. Defendant was found
guilty as charged and now appeals from the judgment and
from an order denying his motion for a new trial.

Possession of the weapon was not disputed, but the only
evidence that defendant is of the proscribed class con-
sisted of certain extrajudicial admissions that he was born

See 26 Cal. Jur. 579.

in Mexico, made by him to the officers at the time of his arrest.

[1] It is insisted by appellant that birth in a foreign country is an essential part of the *corpus delicti,* and that, since there was no corroboration of his extrajudicial admissions of foreign birth, the evidence is insufficient to prove that element of the crime. The point is well taken. The supreme court, in the recent case of *People* v. *Quarez,* 196 Cal. 404 [238 Pac. 363]—decided since the trial of this case in the court below—held conformably with appellant's contention.

The judgment and the order denying a new trial are reversed.

Works, J., and Craig, J., concurred.