[Crim. No. 1731.   Second Appellate District, Division One.—December 3, 1928.]

THE PEOPLE, Respondent, v. JOHN M. ANDERSON, Appellant.

226

Ault & MacKinnon for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

CONREY, P. J.—From the evidence it appears that the offense was committed by means of fraudulent representations which induced the owner of the property to deliver possession thereof to the defendant without payment therefor. The defendant, using a false name, purchased from the complaining witness Washington, fifteen tons of hay at an agreed price of $18 per ton, and made said purchase as pretended agent of F. T. Fuller. The evidence indicates that there was no F. T. Fuller, and the address of Fuller in the city of San Diego, as given to Washington by the defendant, was not Fuller's address. Defendant, after hauling the hay away from the premises of Washington, sent it to an address of his own in San Diego, and resold it for $21 per ton. It was only after this prosecution had been instituted that he paid for the hay.

Appellant's assignments of error are as follows: First, that the value of the property obtained was not proved to exceed $200; second, that the evidence fails to establish that the fraud committed by the defendant caused Washington to part with his property; third, that there was no actual fraud committed; fourth, that the court erred in allowing testimony showing other hay deals (not crimes), which showed guilty knowledge of the defendant; fifth, that the

district attorney was guilty of misconduct prejudicial to the defendant.

We are of the opinion that there is no merit in any of these assignments of error. It seems unnecessary further to mention any of them except the third and fourth. The claim that there was no actual fraud committed is based upon the fact that the defendant and his mother and father, all testified that they knew F. T. Fuller, a hay dealer in San Diego, and that the defendant actually was buying hay for Fuller, and that Fuller, at about the time of these transactions, left San Diego and turned over the hay to the defendant. Our introductory statement gives the substance of some evidence to the contrary. Albert Brown, owner of the ranch run by Washington, in Imperial County, testified that he went to the San Diego address which defendant had given to Washington as the address of Fuller and found that Fuller was not known there. He made other investigations through the city directory and the telephone directory, and could find no F. T. Fuller in San Diego. George White, deputy sheriff, testified that he had asked defendant's father who F. T. Fuller was, and defendant's father said he had no knowledge of any such person; and that he made other investigations in the city of San Diego and was unable to find said F. T. Fuller. Taking the evidence as a whole, the jury was justified in finding that there was no such person.

Over the repeated objection of attorney for defendant, the prosecution was allowed to introduce evidence of three other transactions, all occurring in the same month as the Washington transaction. In each instance defendant attempted to purchase hay in Imperial County; on April 10th from L. J. Thomas; on April 11th from J. H. Otis; on April 14th from L. A. Harris. Each purchase purported to have been made on behalf of ''Adams Hay Company,'' of Los Angeles. In each instance the vendor became suspicious concerning the supposed ''Adams Hay Company,'' and failed to deliver the hay. In at least one instance defendant gave to the vendor a Los Angeles address as the address of said company, but there was no such company at that place. In one instance the vendor sent a telegram to ''Adams Hay Company'' at that address, and received a telegraphic reply. The witness George Wright

testified concerning these telegrams as follows: "I brought that telegram back to the county jail, and took them both, and in his presence I accused him of being the Adams Hay Company himself, and he said he was." Wright testified that at the said supposed address of the "Adams Hay Company" of Los Angeles, he found a manufacturing concern which was manufacturing a bed under a patent of the defendant's father.

We think that there was no error in admitting the evidence of these collateral transactions. Although they did not show the commission of any crime of theft, they did show three several attempts to commit such crime. An attempt of this kind is itself a felony (Pen. Code, sec. 664). Where fraud is an essential element of a crime, it is necessary to prove the intent with which the actions of the defendant were done. In proving such intent, it is permissible to introduce evidence of like offenses, especially when committed at or about the same time. (*People* v. *Lucas*, 67 Cal. App. 452 [227 Pac. 709]; *People* v. *Morani*, 196 Cal. 154, at pp. 158, 159 [236 Pac. 135].)

The judgment and order are affirmed.

Houser, J., and York, J., concurred.