[Crim. No. 3050.   Second Appellate District, Division Two.—February 7, 1938.]

THE PEOPLE, Respondent, v. Dr. JOHN E. BAKER, Appellant.

Harold Judson and Robert E. Ford for Appellant.

U. S. Webb, Attorney-General, R. S. McLaughlin, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan and George Stahlman, Deputies District Attorney, for Respondent.

CRAIL, P. J.—This is an appeal from a judgment of conviction and from an order denying a new trial of an indictment in which the defendant, along with several co-conspirators, was accused of the crime of criminal conspiracy to cheat and defraud the Farmers Automobile Inter-Insurance Exchange of property by criminal means and to obtain money and property by false pretenses in violation of section 182, subdivision 4, of the Penal Code, and also of the crime of grand theft from the same corporation as the result of the same conspiracy, it being alleged that they conspired to cheat and defraud said corporation of $1350, and that in furtherance of this conspiracy they fractured the arm of Peter N. DeNooy, and that they made certain false and fraudulent statements concerning the manner in which the alleged accident occurred, and that they filed a false claim with said company of a purported accident. Some of the defendants pleaded guilty and the action was dismissed as to others of them, so that finally the defendant Baker alone was tried and convicted on both counts.

It is the contention of the defendant that the evidence is legally insufficient to sustain the verdict because the prosecution failed to prove the *corpus delicti* of the offenses charged and because there is no legal corroboration of the accomplices. He calls our attention to the well-known rule that a conviction cannot be had on the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. (Pen. Code, sec. 1111.) And he relies upon *People* v. *Kazatsky,* 18 Cal. App. (2d) 105 [63 Pac. (2d) 299] , *People* v. *Kempley,* 205 Cal. 441 [271 Pac. 478] , and *People* v. *Davis,* 210 Cal. 540 [293 Pac. 32]. He contends that, ''In considering this point, the Court must bear in mind that the testimony of the witnesses Holcombe and Honza, as well as the statements of Dr. Baker, cannot be considered, inasmuch as they all pertain to extra-judicial admissions of defendant. It is well established that such type of evidence cannot be used either in determining whether or not the *corpus delicti* has been proven, or in establishing the *corpus delicti'',* and he cites *People* v. *Ray,* 91 Cal. App. 781 [267 Pac. 593] , *People* v. *Rodarte,* 74 Cal. App. 636 [241 Pac. 406], and *People* v. *Quarez,* 196 Cal. 404 [238 Pac. 363].

The true rule on this principle of law is that the necessary corroboration may be furnished by any substantial evidence not that of an accomplice, and the defendant's own statements and admissions made in connection with other testimony may afford corroboratory proof. (*People* v. *Negra,* 208 Cal. 64 [280 Pac. 354] ; *People* v. *Bonner,* 5 Cal. App. (2d) 314 [42 Pac. (2d) 694] ; *People* v. *Follette,* 74 Cal. App. 178, 204 [240 Pac. 502].) '' 'The proof of the *corpus delicti* which must be produced before admissions or confessions of the defendant may be allowed to be put in evidence need not be sufficient to satisfy the minds of the jurors beyond a reasonable doubt of the *corpus delicti.* It is sufficient if the preliminary proof be of a substantial character tending to establish the *corpus delicti.* . . . Such substantial evidence may be corroborated and strengthened by admissions and confessions of the defendant, and the proof beyond a reasonable doubt required by the law thus supplied.' (See, also, *People* v. *Roganovich and Duzich,* 77 Cal. App. 158 [246

Pac. 132].) It is apparent from this review of the cases that the general trend of authority has been to hold that upon *prima facie* proof of the *corpus delicti* the extrajudicial statements, admissions, or confessions of the accused may be admitted in evidence and having been so properly admitted they may, with the evidence *aliunde*, be considered by the jury in its determination whether or not all the elements of the crime and the connection therewith of the accused have been established to a moral certainty and beyond all reasonable doubt." (*People* v. *Selby*, 198 Cal. 426, 437 [245 Pac. 426].)

The cases relied upon by the defendant do not sustain his contention. The case of *People* v. *Ray*, *supra*, does hold that the extrajudicial statements or admissions of a defendant in the *absence* of other evidence of the commission of the crime charged against him are insufficient to establish his guilt, but it also says at page 785, "To authorize the reception in evidence of such extrajudicial statements, admissions or confessions, or their consideration by the jury, it is not necessary that the other evidence of the *corpus delicti* prove it beyond a reasonable doubt; *prima facie* proof is sufficient for either purpose. (8 Cal. Jur. 235; *People* v. *Selby*, 198 Cal. 426 [245 Pac. 426].)" The case of *People* v. *Rodarte*, *supra*, merely holds that where birth in a foreign country is an essential part of the *corpus delicti* and there was no corroboration of the defendant's extrajudicial admissions of foreign birth, the evidence is insufficient to prove that element of the crime.

It is apparent from the foregoing that not only the statements of the defendant himself but the testimony of Mr. Holcombe and Mr. Honza may be used to establish corroboration of the accomplices, and that such extrajudicial statements and admissions of the defendant, along with all the other facts and circumstances in the case, do corroborate the accomplices and do tend to connect the defendant with the commission of the crime charged.

█ It is the next contention of the defendant that the court erred in refusing to strike the testimony relating to other offenses because the *corpus delicti* of the alleged similar offenses also was not sufficiently established. This evidence was admissible to show guilty knowledge and the intent of the defendant and to establish a definite prior design or

system, and a continuing conspiracy, and it is not essential that such similar transactions shall have resulted in the commission of a crime. It is sufficient if they tend to prove a scheme of the defendant which included the acts charged. (*People* v. *Robinson*, 107 Cal. App. 211, 224 [290 Pac. 470]; *People* v. *Anderson*, 95 Cal. App. 225 [272 Pac. 755]; *People* v. *Arnold*, 17 Cal. App. 68, 73 [118 Pac. 729]; *People* v. *Shearer*, 83 Cal. App. 321, 332 [256 Pac. 611].)

The defendant next contends that the court erred in refusing to strike the statement of the defendant made in the district attorney's office, the defendant again contending that the *corpus delicti* cannot be established by extrajudicial statements of a defendant. This matter has been fully covered by what we have already said.

The judgment and order are affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 17, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 9, 1938.