[Crim. No. 663. Fourth Dist. Oct. 15, 1948.]

THE PEOPLE, Respondent, v. RAYMOND PARL HOLT, Appellant.

N. D. Meyer, Public Defender, and Samuel Dreizen, Deputy Public Defender, for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with having committed burglary on April 15, 1948, by entering a cabin cruiser known as the "M. Scoggin" and located at Newport Beach Harbor, with intent to commit the crime of theft. After trial by the court without a jury he was found guilty of burglary in the second degree. His application for probation was heard and denied, and he has appealed from a judgment by which he was committed to the Youth Authority for the term prescribed by law.

The owner of the boat testified that he and his wife left the boat between 4 and 6 p. m. on April 15, 1948, locking the door to the cabin but leaving some windows open; that they returned about 10:30 that evening; that he at once discovered that the cabin had been entered; and that his leather coat, certain groceries and about $34 in money had been taken. He identified a leather coat which was produced in court as the one which had been taken from his boat, and also identified

certain canned goods as being the same brands as those he had left on the boat.

A 15-year-old boy testified that he was with the appellant about noon on April 15, 1948, at which time they looked over some of the boats at the Newport docks, where the boat in question was located; that toward night on that day they obtained a rowboat and continued rowing on the bay after dark; that they entered four or five boats, some of which he entered and some of which the appellant entered; that they took their rowboat to the end of the dock where the "M. Scoggin" was located; that while the appellant entered another boat he himself entered the "M. Scoggin" through a window and took a sack of groceries; that as they started to row away he told the appellant that there were some clothes and other articles on the "M. Scoggin," whereupon the appellant suggested that they go back and "get some more canned goods out of there"; that they returned and the appellant entered the "M. Scoggin" through a window; that the appellant returned with more canned goods and with a leather coat; that the leather coat produced in court was similar to the one the appellant had removed from the boat; that they then went to the other side of the bay and parked under an overpass bridge where they remained all night; that they then had with them all of the things taken from the "M. Scoggin"; that they built a fire and cooked and ate some of the food; and that they separated toward night of the next day. He further stated that they ate some of the groceries taken and that he himself had taken "a few of the bills."

A police officer testified that he had a conversation with the appellant concerning the burglary of this particular boat at about 4:15 a. m. on April 17, 1948, in the police station, with five other officers present. At this time the appellant stated that he had ridden around the bay in a rowboat with the 15-year-old boy, that he himself had not entered any of the boats but that the boy had done so, and that the boy had gone aboard the "M. Scoggin." He further admitted "being under the arches with Poole, (the boy in question) and admitted having possession of the articles there with Poole." After this evidence was introduced counsel for appellant moved for dismissal on the ground of the insufficiency of the evidence, which motion was argued and denied. The appellant then introduced no testimony in his own behalf and waived argument.

The sole contention on this appeal is that there is no sufficient corroboration of the testimony of the 15-year-old boy who was, admittedly, an accomplice. It is well settled that corroborating evidence is sufficient if it tends to connect the defendant with the commission of the offense, and if the connection of the accused with the crime may reasonably be inferred therefrom. (*People* v. *Yeager*, 194 Cal. 452 [229 P. 40].) It has frequently been held that a defendant's own admission tending to connect him with the crime is sufficient corroboration. (*People* v. *Armstrong*, 114 Cal. 570, 573-574 [46 P. 611]; *People* v. *Sullivan*, 144 Cal. 471, 473 [77 P. 1000]; *People* v. *Baker*, 25 Cal.App.2d 1, 3 [76 P.2d 111]; *People* v. *Hickok*, 28 Cal.App.2d 574, 580 [83 P.2d 39]; *People* v. *Derenzo*, 46 Cal.App.2d 411, 415 [115 P.2d 858]; *People* v. *White*, 48 Cal.App.2d 90, 94 [119 P.2d 383].)

The appellant here admitted having ridden around the bay with the boy in question and admitted that one of them had entered the "M. Scoggin," although he claimed that this was done by the boy. He confirmed the boy's testimony that they then spent the remainder of the night under the arches of an overpass bridge and admitted that they had "possession of the articles under there." The officer testified that his conversation with the appellant on the early morning of April 17 related to the burglary of the boat in question and to what had been done by the appellant on the evening in question. Appellant's present contention that his replies and admissions were general, without specifying a particular boat, a particular time or particular articles, is without merit. The only reasonable inference from the evidence is that the appellant was talking about the time in question and the articles removed from this boat, and that he then admitted his participation therein in practically all respects except for his contention that the actual entry into the boat was made by the boy. His admissions corroborated the boy's testimony in many important respects, and tend to connect him with the commission of the offense. The contention here made is entirely without merit. (*People* v. *Wiley*, 33 Cal.App.2d 424 [91 P.2d 907].)

The judgment is affirmed.

Griffin, J., and Mussell, J. concurred.