[Crim. No. 592.   Fourth Dist.   Oct. 25, 1948.]

THE PEOPLE, Respondent, v. FRANK MASTRANTUONO, Appellant.

Allen M. Martin and Lester N. Gonser for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant having been convicted of statutory rape and violation of section 288a of the Penal Code, appeals from the judgment of conviction and from the order denying his motion for new trial. His contention is that the verdicts of the jury are not supported by the evidence.

The information contained six counts: count one charged statutory rape; count two: violation of section 288a of the Penal Code; count three: violation of section 286; count four: violation of section 288a; count five: violation of section 286, and count six: violation of section 288 of the same code. During the trial, on motion of the district attorney, the court ordered that count two of the information be dismissed. The jury returned verdicts finding the defendant guilty on counts one and four, and not guilty as to counts three, five and six.

June Blank, also known as June Dunigan, the complaining witness named in count one of the information, testified that she was 17 years of age and not the wife of defendant; that she had been employed by the defendant at

the Marigold Inn and the Right Spot in the city of Fresno; that some time early in May, 1947, at the request of the defendant, she and one Jay Goodall went to defendant's house; that defendant there gave her three drinks of whiskey and about four or five bottles of beer; that after drinking, defendant took her into a bedroom and there asked her to perform an act of sexual intercourse with him; that upon her refusal defendant left the room and Jay Goodall came in and made a similar request, which she refused; that she then asked to be taken home and was taken in defendant's car to Roeding Park in Fresno County; that there the defendant again made the same request and a like answer was returned; that Jay Goodall, who was then in the front got into the back of the car; that defendant then, after her persistent refusal to submit to him, slapped her, twisted her arm and while Jay Goodall was holding her an act of sexual intercourse took place with the defendant; that she left the car to walk home but was overtaken and after being told that she would be taken home, she again entered the car; that when she got in defendant again asked her to engage in another act of intercourse but she refused to submit and was taken home, arriving at about 11:30 p. m.; that on the day following this occurrence she ceased to work for defendant and one or two days later reported the incident to the police. On cross-examination Miss Dunigan admitted that her sexual experience with defendant was not her first and that her contrary statement at the preliminary examination was made because she had been ashamed to say otherwise. At the preliminary she admitted that she might have been ''pretty tight'' but here stated that she had not been drunk and had been fully aware of everything that had transpired.

Appellant testified in his own behalf and stated that June Dunigan had worked for him; that he and Jay Goodall had taken her to his home and that he had asked her to have intercourse with him there; that he had taken her in his car to Roeding Park with Jay Goodall and there had asked Miss Dunigan to engage in sexual intercourse. However, he denied having had such intercourse with her.

Jay Goodall as a witness for the defense testified that he had been present in defendant's car during the drive to the park and that both he and defendant had asked Miss Dunigan to engage in sexual intercourse; that defendant did not leave the front seat of the car and that he did not see defendant have an act of sexual intercourse with Jane Dunigan. In

a statement made to the police shortly after the occasion he denied having been in the car and denied knowing Miss Dunigan. On cross-examination he admitted having lied to the police.

Defendant contends that the testimony of June Dunigan is so grossly unbelievable that it must be discarded as a matter of law.

In *People* v. *O'Moore,* 83 Cal.App.2d 586, 598-599 [189 P.2d 554], it is said:

"A judgment of conviction will not be reversed on the ground that the testimony of the prosecuting witness is inherently improbable, even though it may contain 'glaring inconsistencies and contradictions', unless it is so clearly false and unbelievable that reasonable minds may not differ in that regard, or that the facts asserted are physically impossible. It is the sole purpose of the jury or the trial judge to determine the credibility of witnesses and the weight to be given to their evidence. The judgment of a reviewing court should not be substituted for that of the jury or trial judge when there is any credible evidence to support the verdict or judgment, unless it is apparent that the verdict is the result of passion or prejudice. (Citing cases.)"

We conclude that the testimony of Miss Dunigan is not inherently improbable and that the facts related by her are not physically impossible. It was within the province of the jury to pass upon the credibility of the witnesses and the weight to be given to their testimony. The testimony of Jay Goodall merely creates a conflict in the testimony. The record amply supports the conviction of defendant on count one of the information.

As to count four of the information, namely, the count charging a violation of section 288a of the Penal Code, Myrtle Hay, the complaining witness, testified she was 23 years of age, a resident of the city of Fresno and had formerly worked for defendant at the Marigold Inn and the Right Spot Cafe; that at about 2 a. m. on February 5, 1947, defendant asked to take her home after work; that instead of taking her directly home he drove out into the country and stopped the car; that she then asked defendant if he was going to take her home and he replied, "No, not until I get through with you"; that he then forced her to take part in the commission of the act of sex perversion described in section 288a of the Penal Code; that she became nauseated and defendant took her home and told her not to say anything to anyone about what had occurred; that she returned to her home about 3:30

a. m. on Monday, February 5, 1947, and did not tell anyone what had occurred until after July 12, 1947, when defendant fired her from the job. A member of the Police Department of Fresno testified that he had heard the defendant make a statement (which we will not quote here) indicating that he had taught the complaining witness acts of sex perversion. Another police officer was present and heard the statement of defendant. A friend of defendant testified that he had known defendant all his life; had gone out with Myrtle Hay and that defendant had told him not to kiss Miss Hay since she had performed an act of sex perversion with him. Defendant testified that he knew Miss Hay, who was a former employee. He admitted having had normal sexual relations with her in October, 1946, but denied he had committed the act of sex perversion and denied having made the statements testified to by the officers.

Ruth Scott, a witness for defendant, testified that she had been an employee of defendant in February, 1947; that two or three days prior to defendant's birthday on February 8, 1947, she met him at about 10 p. m. and had gone with him to his home, remaining there until about 4 a. m. the next day. Defendant testified that he spent the night of February 5, 1947, at his home with Miss Scott and that he had not seen Myrtle Hay that night.

There was credible evidence upon which the jury could and did find that the defendant was guilty of the crime charged in count four of the information. The jury when weighing the evidence determined the conflict in the testimony and found against the defendant.

Defendant's contention that an alibi was established also presented a question of fact for the jury to decide and this court will not disturb these findings on appeal. (*People* v. *Murieta*, 1 Cal.App.2d 727 [37 P.2d 158]; *People* v. *Pianezzi*, 42 Cal.App.2d 270, 277-278 [108 P.2d 685]; *People* v. *McCoy*, 25 Cal.2d 177, 184 [153 P.2d 315].)

As was said in *People* v. *Ohman*, 67 Cal.App.2d 467, at page 474 [154 P.2d 463]:

"It is not within the province of an appellate tribunal to retry the case and to make inferences from the facts proved. . . . The appellate court is limited to deciding only whether upon the face of the evidence it can justly be held that sufficient facts could not have been found to warrant the inference of guilt. (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778].)"

It is finally contended that Myrtle Hay was an accomplice whose testimony was not corroborated within the meaning of section 1111 of the Penal Code. The jury was properly instructed as to the law pertaining to accomplices and that it was for the jury to determine from all the testimony and the circumstances shown by the evidence whether or not any witness was an accomplice as defined in the instructions. (*People* v. *Coffey*, 161 Cal. 433, 436 [119 P. 901, 39 L.R.A. N.S. 704].) There was testimony to the effect that defendant forced the complaining witness to commit the act of sex perversion. The jury found the defendant guilty and we assume that they determined that the prosecutrix was not an accomplice as defined in the court's instructions. Under these circumstances we will not disturb the finding of the jury where the facts are in dispute. (*People* v. *Coffey, supra.*) Moreover there is sufficient corroboration of the testimony of the witness within the meaning of section 1111 of the Penal Code. It is not necessary that the corroborative evidence shall connect the defendant with the commission of the crime beyond a reasonable doubt. (*People* v. *Collier*, 111 Cal.App. 215, 229 [295 P. 898]; *People* v. *Looney*, 9 Cal.App.2d 335, 337 [49 P.2d 889].) Evidence tending to connect a defendant with the commission of a crime may be slight, and when standing by itself entitled to but little consideration. (*People* v. *McLean*, 84 Cal. 480, 482 [24 P. 32]; *People* v. *Martin*, 19 Cal.App. 295, 301 [125 P. 919]; *People* v. *Andrew*, 43 Cal.App.2d 126, 129 [110 P.2d 459].) An accomplice is sufficiently corroborated by proof of defendant's confession or admission tending to connect him with the crime. (*People* v. *Armstrong*, 114 Cal. 570, 573, 574 [46 P. 611]; *People* v. *Sullivan*, 144 Cal. 471, 473 [77 P. 1000]; *People* v. *Baker*, 25 Cal.App.2d 1, 3 [76 P.2d 111]; *People* v. *Hickok*, 28 Cal.App.2d 574, 580 [83 P.2d 39]; *People* v. *Derenzo*, 46 Cal.App.2d 411, 415 [115 P.2d 858]; *People* v. *White*, 48 Cal.App.2d 90, 94 [119 P.2d 383].) The record here reveals statements and admissions of the defendant made to peace officers and another witness which furnish sufficient corroboration.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 22, 1948.