[Crim. No. 3636. First Dist., Div. Two. July 12, 1960.]

THE PEOPLE, Respondent, v. EARNEST RICHARDSON, Appellant.

[Crim. No. 3637. First Dist., Div. Two. July 12, 1960.]

THE PEOPLE, Respondent, v. CHARLES MASON, Appellant.

Bruce W. Stilson and Kenneth E. Zwerin, under appointment by the District Court of Appeal, for Appellants.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

DRAPER, J.—A jury found defendants guilty of murder in the first degree, and fixed the penalty at life imprisonment. Defendants separately appeal from the judgment.

The prosecution introduced a statement by defendant Mason in which he said that: He and defendant Richardson were in a bar in Salinas the night of decedent's death. Richardson said he knew where they could get some money. They went to the home of Shapiro, the decedent, and knocked at the door. When they received no answer, they entered the house through a window, took some money which they found in a front room, and then saw Shapiro lying on a bed in the bedroom. They entered that room. As Mason was taking some money from a dresser drawer, he heard a noise, turned and saw Richardson striking Shapiro with a metal bar. They took a pistol, some jewelry, a pair of binoculars and an electric shaver, and returned on foot to the neighborhood of the bar

from which they had started out. There they took a taxi to Mason's home and divided part of the loot. Later, Richardson returned to Mason's house and was given the binoculars and electric shaver to sell.

The statement was admitted as against Mason only. However, when Mason was called as a witness on his own behalf, he testified that the statement was true except as to one item not relevant here. He testified in detail as to his actions on the night of Shapiro's death. This testimony matched the statement, except that Mason testified that he had not seen Richardson strike decedent with the bar but heard a "thud" and turned to see Richardson standing over decedent with a metal bar in his hand.

The prosecution introduced evidence of others to establish that Richardson had gone to a point outside decedent's home with Mason on the night in question and had, with Mason, taken a taxi at a later hour from near the bar to Mason's home. Also there was testimony establishing that Richardson had handed decedent's binoculars and electric shaver to another who pawned them for him. One Johnson testified that on the morning after the crime Richardson said that he and Mason "went and got old man Shapiro last night." A policeman testified that when this statement was quoted to Richardson, without mention of the informant's name, Richardson said: "That damned Jerry Johnson told you that."

Richardson testified. He admitted going to Shapiro's house with Mason, but denied entering. He said that when he discovered Mason's purpose, he left, walked back to the bar, and slept in a friend's car until awakened by Mason. He then accompanied Mason to the latter's home. There, he testified, Mason gave him some money and the binoculars. However, he flatly denied entering Shapiro's house, striking Shapiro, or in any way participating in the theft or in any attack on Shapiro.

 Appellant Richardson first argues that the testimony of Mason was not sufficiently corroborated. In view of the guilty verdicts against both defendants, there can be no doubt that Mason was an accomplice, whose testimony must be corroborated by evidence tending to connect Richardson with the crime (Pen. Code, § 1111). But the admissions of Richardson may serve as corroboration (*People* v. *Wade,* 53 Cal.2d 322, 329 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Negra,* 208 Cal. 64, 69 [280 P. 354]; *People* v. *Holt,* 88 Cal.App.2d 42, 44 [198 P.2d 58]). His statement "that we went and got old

man Shapiro last night,'' the testimony placing him near the scene of the crime, and his possession of some of the articles stolen from Shapiro are fully adequate to meet the requirement of corroboration.

The trial court instructed the jury fully as to the definition of an accomplice and the need for corroboration. Richardson, however, asserts error in the court's failure to instruct on its own motion that Mason was an accomplice as a matter of law. If the undisputed evidence establishes that a witness is an accomplice, the jury should be so instructed (*People* v. *Santo,* 43 Cal.2d 319, 326 [273 P.2d 249]; *People* v. *Coffey,* 161 Cal. 433, 436 [119 P. 901, 39 L.R.A. N.S. 704]). Under the peculiar circumstances of this case, and since Mason is a codefendant, the usual form of such instruction (CALJIC 826) might well be claimed to assume the guilt of one or both defendants. We need not discuss this point, however, since it is clear that Richardson was not prejudiced by omission of an instruction that Mason was an accomplice as a matter of law. The jury found Mason guilty. Thus it clearly found him to be an accomplice, and must be assumed to have followed the clear instructions of the court as to the need for corroboration (*People* v. *Ferlin,* 203 Cal. 587, 601-602 [265 P. 230]). Prejudice is lacking.

Richardson argues that the two defendants should have been separately tried. But he made no motion for severance. Joint trial is required unless the court, in its discretion, directs separate trials (Pen. Code, § 1098). No abuse of discretion is shown here (*People* v. *Van Valkenburg,* 111 Cal. App.2d 337 [244 P.2d 750]). In any case, there could be no prejudice, since the jury was adequately instructed that evidence admitted against only one defendant was to be considered in connection with that defendant only (*People* v. *Santo, supra,* 43 Cal.2d 319, 332).

Since conspiracy was an issue under the evidence, there was no error in instructing upon that subject even though no conspiracy was charged (*People* v. *Davis,* 48 Cal.2d 241, 250 [309 P.2d 1]).

We have reviewed in detail the claims of error in admission of evidence and in conduct of the prosecutor. We find neither merit nor the possibility of prejudice in any of them, and conclude that the judgment must be affirmed as to Richardson.

Mason's defense was based upon the theory that Shapiro died of an acute coronary thrombosis, rather than of blows to the head. He asserts error in permitting a woman with whom

he had been living, but who was not his wife, to testify against him. But the husband-wife privilege extends only to a valid marriage (*People* v. *Keller,* 165 Cal.App.2d 419, 423 [332 P.2d 174]; *People* v. *Glab,* 13 Cal.App.2d 528, 535 [57 P.2d 588]).

Mason also argues that he was denied a fair trial because Negroes were systematically excluded from the jury. The record, however, contains nothing which would even remotely support this assertion.

No other point raised by Mason warrants detailed consideration.

Judgment affirmed as to each appellant.

Kaufman, P. J., and Stone, J. pro tem.,* concurred.

The petition of appellant Richardson for a hearing by the Supreme Court was denied September 7, 1960.

*Assigned by Chairman of Judicial Council.