[Crim. No. 3718.   First Dist., Div. Two.   Oct. 20, 1960.]

THE PEOPLE, Respondent, v. JANICE DAKE, Appellant.

Richard E. Denham for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Daniel A. Sharp, Deputy Attorneys General, for Respondent.

DRAPER, J.—A jury found defendant guilty of robbery in the first degree and determined that she had been armed

526

with a deadly weapon. She appeals from order denying new trial and from the judgment.

The testimony of William Dake was admitted despite defendant's claim of the husband-wife privilege (Pen. Code, § 1322; Code Civ. Proc., § 1881, subd. 1), because of the court's finding that defendant's marriage to Dake was void. She asserts that the evidence was insufficient to sustain this finding. Defendant and Mr. Dake went through a marriage ceremony February 14, 1957. Defendant herself testified that she had been married to Joseph Russo, that an action for dissolution of that marriage had been filed in Contra Costa County, and that the interlocutory decree therein "might have been" entered about August 2, 1956. A deputy county clerk of Contra Costa County brought into court the official file in a divorce action. The file is not in evidence, but the clerk testified that the parties to the action were Jose (later termed Joseph) Russo and Janice Russo. Interlocutory decree in that action was entered August 2, 1956. No final decree had been entered. It may reasonably be inferred that Mr. Russo was alive at the time of defendant's remarriage. Thus the evidence amply supports the court's finding that defendant's marriage to Dake occurred less than eight months after interlocutory decree in the Russo divorce action. The Dake marriage was therefore void because it occurred within one year of the interlocutory decree (Civ. Code, § 61). The husband-wife privilege extends only to a valid marriage (*People* v. *Richardson,* 182 Cal.App.2d 620, 623-624 [6 Cal. Rptr. 61]; *People* v. *Keller,* 165 Cal.App.2d 419, 423 [332 P.2d 174]; *People* v. *Glab,* 13 Cal.App.2d 528, 535 [57 P.2d 588]).

[■■] Appellant argues that absence of a dissolution of the Russo marriage could be shown only by search of the records of all the counties in which the spouses may have lived (*Mazzenga* v. *Rosso,* 87 Cal.App.2d 790 [197 P.2d 770]; *Marsh* v. *Marsh,* 79 Cal.App. 560 [250 P. 411]). Whatever application the rule of these cases might otherwise have on the issue here raised, their facts show them to be wholly inapplicable here. In the case at bar the court, on substantial evidence, found that an interlocutory decree had in fact been entered as between defendant and her former husband less than one year before her marriage to Dake. The search had been successful, and there was no conceivable reason for continuing it. The quest had ended.

Defendant asserts error in the instructions defining

"deadly weapon" and relating to its use in the robbery here charged. But even if the instructions were erroneous, they could not be prejudicial here. It is undisputed that the woman who perpetrated this robbery was armed. The defense was solely that defendant was not the robber. When the issue of identity was resolved against her, the jury necessarily found that she was the person who brandished the firearm used in this robbery.

Some evidence was admitted which should have been stricken if proper motion therefor had been made. But defendant neither moved to strike nor sought to have the jury admonished to disregard such testimony. In the absence of some such request, the court was not required to act upon its own motion (*People* v. *Willmurth*, 77 Cal.App.2d 605, 620 [176 P.2d 102]). On the whole record, we find no prejudice to defendant.

Judgment and order denying new trial affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.