[Crim. No. 4011. First Dist., Div. Three. Mar. 2, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT MOLINA ALARCON, Defendant and Appellant.

Robert Molina Alarcon, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and John F. Foran, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Appellant and his codefendant, Mitchell, were found guilty by a jury of three counts of robbery (Pen. Code, § 211). Concurrent terms were imposed on each defendant. Both appealed from the judgment and order denying new trial, but the appeal of Mitchell was dismissed for failure

to file an opening brief. Appellant, although represented at trial by court-appointed counsel, did not ask appointment of an attorney here. He has filed a brief in propria persona.

 There is evidence that the two defendants entered a bar and ordered drinks. Mitchell went to the restroom and returned displaying a revolver. He announced ''this is a holdup,'' and ordered the two owners and two customers to lie on the floor. Appellant went behind the bar and took the money from the cash register. Mitchell took the wallets of three of the persons on the floor. Two of the wallets contained currency, which he removed. Appellant left the bar. A few moments later an automobile horn sounded. Mitchell ordered those present to remain still, and left.

Three witnesses identified defendants as the robbers. One witness testified that on the day after the robbery appellant said that he and Mitchell had committed the robbery, and gave some details of it. Appellant's two nieces testified that he was present with them at his residence at the time of the robbery, but appellant weakened his own alibi by testifying, as to the evening in question, ''I don't remember, I think I was home.''

It is clear that appellant's attack upon the sufficiency of the evidence fails. The jury obviously rejected his alibi evidence and accepted that of the witnesses who identified him and of the one who testified to his boasting of the robbery on the following day.

 Appellant argues that he should have been tried separately. No motion for severance was made in the trial court. In the absence of such motion, the joint trial was proper (*People* v. *Richardson,* 182 Cal.App.2d 620, 623 [6 Cal.Rptr. 61] ; *People* v. *Van Valkenburg,* 111 Cal.App.2d 337, 343 [244 P.2d 750]). Had such a motion been made, denial would have been fully justified. The defendants were charged with joint commission of three robberies at one time and place. Each defendant had his own attorney, and there is no appearance of conflict in their defenses. Thus there was no reason to depart from the normal procedure of joint trial (Pen. Code, § 1098).

We have reviewed the record in detail, and find no error. The case was fairly tried and the jury fully instructed.

Judgment and order denying new trial affirmed.

Salsman, J., and Devine, J., concurred.