[Crim No. 1752.    Fourth Dist.    Apr. 30, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. FRED GARLAND, Defendant and Appellant.

H. Clay Jacke for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant, together with James E. Glenn and Amuel O'Neal Miles, was tried by a jury and found guilty of violating Penal Code section 337a, subdivisions 1-4 and 6, relating to bookmaking. After defendant's motion for new trial was denied, judgment was imposed on one count only of ten counts on which defendant was declared guilty; defendant was granted five years' probation conditioned upon serving three months in the county jail.

Of the three persons convicted, defendant alone appeals, contending misconduct of the court and district attorney, erroneous instructions to the jury, and error of the court in failing to sentence defendant on the remaining nine counts.

On February 27, 1962, an investigator entered a house in Santa Ana, California, took a seat and leafed through a daily

racing form and a scratch sheet. Defendant was seated at a table apparently playing cards with other men and a woman. Bets were made on horses, and there was conversation about betting, someone inquiring for Glenn and defendant telling him he would find Glenn in the bedroom. The investigator returned to the house the following day, observed a woman circulating about with a pad of paper, talking to people including defendant, who made notations on cigarette papers. Race results were received periodically by radio. A telephone rang frequently. The investigator was asked if he wanted anything and after he looked through a racing form, he said he saw no horse upon which he wanted to place a bet. Next day, on returning, the investigator placed a bet with Miles on a horse and when he remarked on his luck in winning and that he might bet again, defendant told him he could not be that lucky twice. Another party inquired how much was paid on wagers and defendant replied, ''We pay 30 to win, 15 to place.'' Miles conferred frequently with defendant who made notations on cigarette papers. On the fourth day the investigator asked defendant to take a bet and defendant referred him to Miles.

The police then raided the house. They found Glenn in the bedroom scooping money off the bed. The toilet was flushing in the bathroom. Defendant had $748 in his possession. Miles and Glenn had $3.00 and $47 respectively. Expert testimony established various items seized and placed in evidence as being ''horse parlor'' paraphernalia. In the two hours following the raid the phone rang between fifteen and twenty times.

■ Appellant first contends error of the court in instructing the jury on conspiracy, since the crime of conspiracy was not charged. There is ample evidence from which the jury might have inferred the existence of conspiracy among defendant, Glenn, and Miles to carry on a bookmaking enterprise. Instructions on conspiracy, CALJIC Nos. 931-934, were proper to define ''a factual basis upon which, if proven, the acts and declarations of the several coconspirators would be competent evidence against all.'' (*People* v. *Ditson,* 57 Cal.2d 415, 447 [20 Cal.Rptr. 165, 369 P.2d 714]; *People* v. *Davis,* 48 Cal.2d 241, 250 [309 P.2d 1]; *People* v. *Richardson,* 182 Cal.App.2d 620, 623 [6 Cal.Rptr. 61].) There was no error in instructing the jury on conspiracy even though no conspiracy was charged.

■ Next, appellant states, without citation of authority or

argument, that the evidence is insufficient to support the instructions on principals and aiding and abetting, CALJIC Nos. 91 and 91(E). Where more than one person is involved in the commission of an offense, instructions on principals and aiding and abetting are proper. (*People* v. *Richardson,* 74 Cal.App.2d 528, 535 [169 P.2d 44].) The evidence of appellant's involvement in the offenses charged is more than adequate to support the giving of these instructions.

██ Thirdly, appellant contends the court misconducted itself in being overly solicitous to the investigator for the People, by stating to him on the witness stand, ". . . if you need your notes at any time, you are at liberty to ask for them." At the time the remark was made, the defense attorney was pressing the investigator to recall exact statements. Previously, the investigator had given the notes to the defense attorney for examination, and the notes had not been returned. No objection was made to the court's remark. A trial court has considerable discretion in the conduct of a trial, and an appellate court will not disturb the trial court's actions in the absence of an abuse of discretion. (4 Cal.Jur.2d 474.) A remark reflective of the principles of common courtesy and fair play is hardly an abuse of discretion.

██ Misconduct of the district attorney in cross-examining the appellant is the fourth assignment of error. Appellant contends that the following line of questioning, which was pursued without objection or assignment of misconduct, was in error in that it was discourteous and argumentative:

"Q. You knew what kind of a place this was, didn't you, Mr. Garland? A. What you mean?

"Q. You knew it was a horse parlor, didn't you? A. No, I didn't know that.

"Q. You didn't know that anybody ever bet on the horses there? A. I wasn't interested. What they said, they find me at my poker table. That's most of where I was at all the time.

"Q. You mean you were there four days all day long from noon until the poker game at night and you never saw anybody take any bets or bet on any horses? A. Just like I told you, I wasn't interested in what the other people was doing.

"Q. I am not interested in what you are interested in. Did you see anybody take — A. No, sir.

"Did you see anybody say so much on a certain horse? A. No."

These questions reveal a determined inquiry of a recalcitrant and evasive witness, not misconduct. Moreover, no objection was made at the time and any assignment of error was thus waived. (*People* v. *Kolb,* 174 Cal.App.2d 102, 106 [344 P.2d 316].)

■ Appellant contends that the following line of questioning of him by the district attorney assumes facts not in evidence:

"A. I don't remember Mr. Glenn taking any bets.

"Q. And did you see these racing forms all over the place? A. I seen racing forms.

"Q. Did you see people reading the racing forms? A. No. Well, no. Every night I saw some racing form but I wasn't fooling with them.

"Q. Mr. Garland, are you asking this jury to believe you were there four consecutive days and never saw anybody take a bet on a horse? A. No, I never saw anybody.

"Q. You were not aware it was a horse parlor? A. No."

The evidence, which we have read in full, supports the propriety of these questions; furthermore, any attempted assignment of error was waived for failure to object. (*People* v. *Kolb, supra,* 174 Cal.App.2d 102, 106.)

■ Lastly, appellant contends that the court, having sentenced him on one count, erred in failing to sentence him on the remaining nine counts with the result that he may be subject to future sentence on these counts. This contention is without merit inasmuch as the power of the court to sentence him on these remaining counts has lapsed. (Pen. Code, § 1191.)

The judgment is affirmed. The attempted appeal from the denial of the motion for new trial is dismissed. (Pen. Code, § 1237.)

Griffin, P. J., and Coughlin, J., concurred.