[Crim. No. 1158.   Department Two.—August 19, 1904.]

## THE PEOPLE, Respondent, v. EDWARD SULLIVAN, Appellant.

CRIMINAL LAW—ROBBERY—EVIDENCE—RAGGED AND BEGGING CONDITION OF DEFENDANT—SUDDEN ACQUISITION OF CLOTHES AND MONEY.— Upon the trial of a defendant accused of the robbery of ninety-five dollars, part of which was in twenty-dollar gold-pieces, from the person of the prosecuting witness, evidence of a clothing dealer is admissible to show that on the day before the robbery the defendant, being then in a ragged condition, begged a pair of pants from the witness, and that on the day after the robbery, he came to the store dressed in a new suit of clothes, and stated that he had got all kinds of money, and exhibited a twenty-dollar gold-piece.

ID.—TESTIMONY OF ACCOMPLICE—CORROBORATION.—Where the prosecuting witness testified fully to the circumstances of the robbery,— that he saw defendant in a saloon, and drank with him, and after leaving the saloon was overtaken by an accomplice, who conversed with him while two men approached him from behind and held him up, whereupon the three robbed him, and the accomplice testified to all of the same circumstances, and stated that defendant was one of the other two men, and that in the division of the money after the robbery defendant got the most of the money, he was sufficiently corroborated as to the circumstances of the robbery by the prosecuting witness, and was sufficiently corroborated as to his other testimony by evidence of the admissions and conflicting statements of the defendant, and by the conflicting testimony of the defendant at the preliminary examination and at the trial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.  B. N. Smith, Judge.

The facts are stated in the opinion.

F. W. Allender, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

CHIPMAN, C.—Defendant was informed against for the crime of robbery, committed in the city of Los Angeles jointly with one Gus Shoemaker. He was separately tried and convicted and sentenced to twenty years' imprisonment in the state prison. He appeals from the judgment and from the order denying his motion for a new trial.

1. One Devor, a dealer in "general clothing, shoes, and a little of everything," was a witness for the prosecution, and testified, against defendant's objection, that on the day before the robbery defendant came to his store and asked witness if he couldn't give him an old pair of pants. Witness testified: "When he came in he had ragged clothes on. . . . I know he had a coat on, was kind of shabby one. The pants was really gone." Witness testified that the day after the robbery, of which witness had heard, defendant came to witness's place of business dressed in a new suit of clothes and said to one Errick, who was working for witness: "Come on, Bill, let's have something. . . . I said: 'Why, yesterday you were begging for a pair of pants and to-day you got money.' He said: 'I got all kinds of money'; and he pulled out a twenty-dollar gold-piece and said: 'I have got all kinds of money.'" Witness was positive that it was a twenty-dollar gold-piece. We think the testimony was admissible.

2. The principal point urged for reversal is, that the testimony of Shoemaker, the accomplice, was not corroborated as required by section 1111 of the Penal Code.

The prosecuting witness, Burdell, testified fully to the circumstances of the robbery. He had been at a saloon from about ten p. m. until shortly after twelve midnight; he saw defendant there and drank with him. After leaving the saloon he had gone about a block, when Shoemaker overtook him, and while engaged in conversation with Shoemaker two men approached from behind and held him up while the three robbed him. Witness recognized Shoemaker, but not the others. Shoemaker testified to all the circumstances, and stated that defendant was one of the other two men; the third he did not know by name. Shoemaker's story as to the number of men engaged, and the place, manner, and circumstances of the robbery were corroborated by the prosecuting witness in these particulars, who also testified that he was robbed of ninety-five dollars gold coin, mostly twenty-dollar pieces, and some

silver. Shoemaker testified that in the division of the money, shortly after the robbery, defendant got the most of it. They were arrested the next day. Defendant made conflicting statements to the arresting officer, during which he admitted being present when the "hold up" occurred, but ran away because he did n't want to be "mixed up in it." He admitted meeting the other two shortly afterwards, but said he refused to accept any of the money. He did not, however, make known the facts to any officer, for the same reason, as he testified, given by him for running away when he saw that Burdell was being robbed. The only explanation made by defendant for having money the next day was, that he had received a railroad ticket from his sister in Nevada and had sold it for ten dollars. Defendant's testimony at the trial and his conflicting testimony at the preliminary examination introduced at the trial, tended strongly to corroborate the testimony of the accomplice Shoemaker.

We find no prejudicial error in the record, and therefore advise that the judgment and order be affirmed.

Cooper, C., and Smith, C., concurred.

For the resanos given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., Lorigan, J., McFarland, J.