[Crim. No. 1404. Second Appellate District, Division Two.—February 4, 1927.]

THE PEOPLE, Respondent, v. JOHN H. SEIFFERT, Appellant.

[1] CRIMINAL LAW—MURDER—ABORTION—ACCOMPLICE — INSTRUCTIONS —EVIDENCE—VERDICT — APPEAL. — In this prosecution for murder predicated upon the death of the subject of an attempted abortion, in which the defendant was convicted of murder in the second degree largely upon the testimony of a sister of the deceased, the court having correctly instructed the jury with respect to who are to be regarded as accomplices and the effect to be given to the testimony of such a witness, and there having been no suggestion that said witness was actually present when the operation was performed, nor any suggestion that she assisted the doctor in the performance of the operation or spoke to the defendant concerning the operation, and there having been testimony that said witness urged her sister not to go to defendant's office, and the jury having believed that said witness was not an accomplice, the appellate court could not say as a matter of law that said witness was an accomplice.

---

(1) 16 C. J., p. 674, n. 2, 3, p. 675, n. 33, p. 677, n. 62, p. 678, n. 64.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. L. D. Jennings, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. T. Johnson for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James W. Howie for Respondent.

THOMPSON, J.—The appellant was jointly charged with one Charles E. Marsh with murder. Marsh was granted a separate trial. The jury returned a verdict of guilty of murder in the second degree against this appellant. After denial of his motion for a new trial judgment was pronounced and it is from that judgment and the order denying his motion for a new trial that he appeals.

The facts necessary for the disposition of this appeal are briefly as follows: On February 25, 1926, the deceased, Louise Giovanazzi, being then pregnant, went to the home of her sister, Mrs. de Pietri, where she remained until she was taken to the hospital a few hours before her death on March 4, 1926. On February 25th, 27th, 28th, and March 1st and 2d, the deceased visited the offices of the defendants for the purpose, as she said, of having a curettement. She was accompanied by her sister, Mrs. de Pietri, in Mrs. de Pietri's automobile. The latter remained in the reception-room while the deceased was in the private room with the doctor. During the last visit and while in the private room the deceased appeared to suffer great agony; she called her sister in, who found her "sweating just like you would take a cloth and just get it out of a bath-tub." As she went to the office of the defendant on March 2d, the deceased gave no indication of suffering, but after the operation they had to carry her out and put her into the automobile. About 2 A. M. the next morning the deceased was operated upon, and, according to the attending physician, a packing was removed; the abdomen was full of blood; two punctures in the uterus and one in the posterior peritoneum were found and sutured. On March 4th an autopsy was performed and in addition to the three punctures just mentioned an opening or puncture of the ascending vena cava was discovered and also a six or eight weeks' foetus. The testimony of the physicians was to the effect that death resulted from the puncture of the vena cava, which is the vein carrying the blood back to the heart. Mrs. de Pietri testified to the visits to the appellant's office and that she asked her sister not to go there any more. She also testified that her sister had told her the doctors said she was pregnant and she judged she was having curettement for the purpose of bringing about a miscarriage and that she (the witness) was willing to aid her in any way she could.

[1] The contention of the appellant is in substance that the verdict is not justified by the evidence for the reason that Mrs. de Pietri was an accomplice and that subtracting her testimony there was not sufficient to connect the defendant with the commission of the offense. We might as well observe at the outset that, while there is ample evidence of an attempted abortion, the only testimony tending to connect the defendant with the offense charged is the testimony of Mrs. de Pietri and her son Dominico de Pietri, who testified that he drove the automobile and saw his mother and aunt go into the Stimson building, the place where defendants had their office, several times, and that on the last visit she was feeling pretty good when he took her there, but extremely ill when he took her home. This statement of Dominico de Pietri is of very slight corroborative value on the questioned point, but we do not feel that we are called upon to pass upon its sufficiency for the reason that the jury were given proper instructions covering the subject of accomplices and the value to be attached to the testimony of accomplices.

While there was testimony of statements made by the deceased shortly before her death that she had gone to the defendant's office for the purpose of having an abortion performed, the jury was instructed that this testimony was admitted for the sole purpose of showing her condition of pregnancy and the purpose of her visit and that the same could not be considered by them as tending to connect the defendant with the offense charged. So far as this testimony is concerned, therefore, we are not called upon to determine its corroborative value or whether the deceased could under the circumstances detailed be held to be an accomplice in her own death, it having been admitted under the rule laid down in *People* v. *Wright,* 167 Cal. 1 [138 Pac. 349], for the limited purpose specified in the instructions.

As has been suggested, the court fully instructed the jury upon the subject of accomplices. It defined accessories as "all persons concerned in the commission of a crime whether they directly commit the act constituting the offense, or aid and abet in its commission," and called special attention to the testimony of Mrs. de Pietri in telling them that they could not render a verdict of guilty on the testimony of

an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and also instructed them as follows:

"I also further instruct you that mere knowledge or belief that a crime is to be committed or has been committed does not render a person an accomplice unless such person aided or participated in the commission of the crime."

"I further instruct you that in order to render a person an accomplice he or she must in some manner knowingly and with criminal intent aid, abet, assist or participate in the criminal act."

"I further instruct you that an accomplice is one who, knowing that a crime is being committed, wilfully and with criminal intent intentionally aids, abets or assists another in the commission of such crime or criminal act; and whether or not one is an accomplice as defined in these instructions is for the jury to determine from all the testimony and circumstances in proof in the case."

The instructions given correctly stated the law with respect to who are to be regarded as accomplices, and the effect to be given to the testimony of such a witness.

It should be remembered that there is no suggestion that Mrs. de Pietri was actually present when the operation was performed, nor any suggestion that she assisted the doctor in the performance of the operation or spoke to the defendant concerning the operation. Also there was testimony that Mrs. de Pietri urged her sister, the deceased, not to go to the doctor's office. Under these circumstances the jury evidently believed that Mrs. de Pietri was not an accomplice, and the testimony was such that a finding to that effect must be upheld. (*People* v. *Brewer,* 19 Cal. App. 742 [127 Pac. 808]; *Greenwood* v. *State,* 3 Okl. Cr. 247 [105 Pac. 371]; *People* v. *McGonegal,* 136 N. Y. 62 [32 N. E. 616].) We are not justified in saying as a matter of law that the witness was an accomplice. (*People* v. *Brewer, supra.*) In fact, whether, as a matter of law, the witness could be considered an accomplice is discussed in the cases heretofore cited, and *People* v. *Balkwell,* 143 Cal. 259 [76 Pac. 1017].

The judgment and order appealed from are affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 4, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1927.