[Crim. No. 4584. Second Dist., Div. One. June 28, 1951.]

THE PEOPLE, Respondent, v. KARL H. SANDELIN, Appellant.

Al Matthews, Doris Baker, Harold J. Ackerman and Robert P. Dockeray for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant and a codefendant were found guilty by a jury of burglary. The same information also included a third defendant, one De Meo who testified for the prosecution. The information as to De Meo was dismissed.

It is contended on appeal that, "The only eye witness testimony with respect to the commission of the crime came from the lips of JOSEPH DE MEO, the self-confessed accomplice, who testified on behalf of the prosecution in exchange for a dismissal of the charges against him.

"The principal point which will be raised on this appeal is whether or not the independent evidence other than that of the accomplice is sufficient to constitute the corroboration required by law. It is the position of this defendant that the accomplice's testimony was not legally and sufficiently corroborated and that there is no evidence of the corpus delicti with respect to this defendant, except that found in the uncorroborated testimony of the accomplice."

The evidence reveals that a clothing store in San Pedro was entered by cutting a hole in the ceiling. Quantities of men's clothing including suits, slacks, neckties, etc., were removed. The corpus delicti was established beyond question. The only question on appeal is whether the evidence is sufficient to corroborate the testimony of the accomplice. Respondent summarizes that evidence as follows, which is supported by the record, "The above independent evidence shows, we submit, that the appellant had in his possession shortly after the crime here, articles which were taken during the burglary. Particularly considering his inconsistent and necessarily false statements concerning where he got them, and his denial to the officer that he had sold the suede jacket, the jury was justified in finding that his 'explanations' of how they innocently came into his possession. were untrue, and that such statements indicated a consciousness of guilt of the burglary with which he knew he was charged. Such evidence, we submit, sufficiently corroborated the testimony of the accomplice as to the burglary and the appellant's aiding and abetting therein.

"The appellant's inconsistent statements concerning his residence in San Pedro, the town in which the burglary was perpetrated, and his statement, which the jury was justified in finding, in the light of Mr. Kanaster's testimony to the contrary, to be false, to the effect that he had never made a purchase in the Kanaster store, were further corroboration of the testimony of the accomplice.

The corroborating evidence was sufficient. The judgment and order denying motion for new trial are affirmed.

White, P. J., and Drapeau, J., concurred.