[Crim. No. 794. Fourth Dist. Feb. 16, 1954.]

THE PEOPLE, Respondent, v. ROBERT McNEAL,
Appellant.

Robert McNeal, in pro. per., and Richard W. Petherbridge, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Norman A. Sokolow and William E. James, Deputy Attorneys General, for Respondent.

GRIFFIN, J.—Appellant was charged jointly with one Hurst and was convicted by a jury of the crime of robbery, first degree. Richard W. Petherbridge, public attorney, represented the defendants at the trial. Defendant McNeal filed his own notice of appeal in propria persona. After some delay, defendant informed this court that he desired the services of an attorney. This court appointed Mr. Petherbridge to represent the appellant on appeal and extended the time to file an opening brief. Appellant was so notified. Mr. Petherbridge, in an affidavit, made an application to be relieved as appellant's counsel, stating that on October 2, 1953, he addressed a letter to him at Box 686, Soledad, asking for information on the grounds upon which he wished to appeal, but received no response from the letter; that he wrote again on October 21st, renewing the request, and received no reply; that he believes, from remarks made by the appellant after rendition of the verdict of the jury, that McNeal felt that he was inadequately represented; that affiant knew of no grounds upon which an appeal in the matter could be founded with any reasonable prospects of success, and asked this court to relieve him as counsel. This court notified the appellant of this fact, refused to relieve him of the services of Mr. Petherbridge, informed him of the facts set forth in Petherbridge's affidavit, and allowed him either to file a brief in his own behalf or to furnish Mr. Petherbridge with sufficient information to permit him to file a brief on appeal. On November 24, 1953, appellant presented a document denominated *Opening Brief,* in which he claimed that he was not guilty of any offense; that he had an unfair trial due to the inability of the interpreter to properly interpret the testimony; that his attorney did not object to certain questions propounded by the district attorney; that his attorney made certain stipulations in open court to which he did not consent; and complained generally as to the conduct of his trial.

The testimony shows that early in the evening of March 13, 1953, a young Mexican boy named Abel Zarasuta, was

working as a night irrigator on a lonely ranch near Holtville, on the road to Yuma. He observed a 1947 Pontiac station wagon approach on the Yuma Road, make a "U" turn, and pull off the highway. Zarasuta continued with his work and passed within three yards of the parked car while he was carrying a kerosene pump lamp, and was able to observe two men in the front seat. One man came around the car, went up to Zarasuta, and had a short conversation with him as to the whereabouts of a camp of "Jimmies." The stranger then returned to the station wagon and drove away. Zarasuta positively identified the appellant McNeal as the man who arrived in the station wagon and entered into a conversation with him at the time and place.

About 11 o'clock that same evening he was again approached by the same two men. McNeal held a gun in his right hand and a flashlight in his left hand. He wore a green checkered shirt, which was partially covered with a piece of canvas or a jacket which was thrown over the shoulders. He had on Levi trousers and a white straw hat. Appellant McNeal cast his flashlight beam upon the witness' face. Hurst demanded that Zarasuta surrender his money and McNeal menaced Zarasuta with his pistol. Zarasuta gave Hurst $30.75 and McNeal his billfold. McNeal then struck the victim on the head with the butt of his pistol, knocking him to the ground. He was then kicked by McNeal and Hurst until he lost consciousness.

The police arrested McNeal and Hurst in Mexicali, wearing the clothes identified by the prosecuting witness, and in possession of a 1947 Pontiac station wagon. The prosecuting witness positively identified appellant McNeal.

Appellant offered an alibi that he was in a bar that particular night visiting a bartender friend. He offered no evidence to otherwise corroborate his story.

■ The evidence was legally sufficient to support the judgment of conviction. The testimony of the prosecuting witness needed no corroboration, as indicated by the appellant. (Code Civ. Proc., § 1844.)

 Appellant's argument that the testimony of the prosecuting witness was contradictory in itself is not sufficient ground for a reversal. (*People* v. *Hightower*, 40 Cal.App.2d 102, 106 [104 P.2d 378].) The question of identification of the accused as the person who committed the crime was a question for the jury unless the evidence of identification was incredible as a matter of law. (*People* v. *Friday*, 18 Cal.App.

2d 197 [63 P.2d 303].) ■ The jury had the right to reject the appellant's testimony in reference to his alibi. (*People* v. *Ferrato,* 69 Cal.App.2d 176 [158 P.2d 573].)

■ An interpreter was duly appointed by the court and his competency cannot be attacked for the first time on appeal. (Code Civ. Proc., § 1884; *People* v. *Lem Deo,* 132 Cal. 199 [64 P. 265]; *People* v. *Valencia,* 27 Cal.App. 407, 408 [150 P. 68]; *People* v. *Phillips,* 12 Cal.App. 760, 763 [108 P. 731].)

The record indicates that great care was exercised during the trial in eliciting testimony through the interpreter. There is no reversible error in the manner in which the complaining witness' testimony was elicited. The objection apparently is in reference to leading the witness. ■ Under the special circumstances here related, certain leading questions were allowable. (*People* v. *Wilson,* 46 Cal.App.2d 218, 224 [115 P.2d 598]; Code Civ. Proc., § 2046; *People* v. *Mendez,* 193 Cal. 39, 49 [223 P. 65].)

The contention that the defendant was not fairly represented by his counsel is not borne out by the record. A review of the transcript clearly shows that the public defender conducted an able defense, and it reveals no impropriety on the part of his counsel. He no doubt had a proper reason for stipulating to certain testimony which was otherwise available.

On the motion for new trial the trial court was justified in accepting the evidence as being sufficient. (*People* v. *Ash,* 88 Cal.App.2d 819, 826 [199 P.2d 711].)

We conclude that the contentions of the appellant are without merit, and an examination of the record reveals that he had a fair trial and that there was no miscarriage of justice.

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.