[Crim. No. 5179.   Second Dist., Div. Three.   Aug. 31, 1954.]

THE PEOPLE, Respondent, v. MELVIN MORROW, Appellant.

Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of receiving stolen property. He appeals from the judgment and the order denying his motion for a new trial. He contends that the corpus delicti was not established; that the testimony of an alleged accomplice was not corroborated; and that the evidence is insufficient to support the judgment.

Thirty-six aluminum wheels were stolen from J. T. Jenkins Company between March and June, 1953. In the first week of May 1953, one Allen, a boy 17 years of age, together with Marvin and Carl Morrow, sons of defendant, went to the Jenkins Company about 1 a. m. in a pickup truck driven by Marvin. They took 18 aluminum wheels. They made two more trips that night and each time took nine aluminum wheels. No permission was ever given to take any of the wheels. The first 18 wheels were taken to defendant's residence. When Allen, Marvin and Carl arrived at defendant's residence Marvin awakened defendant who came out of the house and looked at the wheels while they were still in the truck. Nine of the wheels were then put in the cellar of defendant's residence. Defendant watched the operation. About a week later defendant gave Allen a 1941 Ford which he (defendant) had bought for $200. Defendant sold a number of the wheels to various parties. Every person who for his own gain buys or receives any personal property, knowing the same to have been stolen, is guilty of a public offense. (Pen. Code, § 496.) The foregoing evidence was sufficient to show knowledge on the part of defendant that the wheels were stolen, coupled with the intent of depriving the owner of possession, which facts are sufficient to establish the corpus delicti. (22 Cal. Jur. 556, § 3.) The trial judge was not compelled to believe the testimony of defendant that he had no knowledge the wheels were stolen. (*People* v. *McNeal*, 123 Cal.App.2d 222, 225 [266 P.2d 529].)

Where the thief and the receiver of stolen property conspire together in a prearranged plan for one to steal and deliver the property to the other, and pursuant to such plan

one does steal and deliver to the other, the thief is an accomplice of the receiver. (*People* v. *Lima,* 25 Cal.2d 573, 577-579 [154 P.2d 698].) The evidence supports the view that Allen and defendant conspired together in a prearranged plan for Allen and defendant's sons to steal the wheels and deliver them to defendant. ■ Allen was the only witness who testified to the facts relating to the theft of the wheels, the waking of defendant, and his (defendant's) watching their deposit in the cellar. It was necessary therefore that his testimony be corroborated. Defendant contends there was no corroboration. ■ If corroborating evidence creates more than a suspicion of guilt, it is sufficient even though it be slight and, when standing by itself, entitled to but little consideration. (*People* v. *Malone,* 82 Cal.App.2d 54, 61 [185 P.2d 870].) ■ Possession of stolen property is corroboration of the testimony of an accomplice. (*People* v. *Coakley,* 108 Cal. App.2d 223, 228 [238 P.2d 633].) ■ Inferences from the defendant's testimony may suffice to corroborate an accomplice. (*People* v. *Wilson,* 25 Cal.2d 341, 347 [153 P.2d 720].) ■ The defendant's admissions, active and passive, and his declarations constitute corroboration. (*People* v. *Armstrong,* 114 Cal. 570, 573 [46 P. 611]; *People* v. *Sullivan,* 144 Cal. 471, 473 [77 P. 1000]; *People* v. *Richardson,* 161 Cal. 552, 557 [120 P. 20].) ■ The stolen property was found in defendant's possession. He sold a large part of it. Defendant admitted to an investigating officer that the wheels had been taken by Allen and his sons from J. T. Jenkins Company; that he knew they were stolen; that he had sold some of them. When Marvin related the facts to the investigating officers in defendant's presence, defendant was silent. The testimony of Allen was amply corroborated.

■ The contention that the evidence is insufficient is based on the argument that the People failed to identify the wheels sold by defendant as those stolen. The controller of J. T. Jenkins Company identified a photograph of aluminum wheels and testified the wheels in the photograph were similar to those stolen. The photograph was of wheels sold by defendant. Allen testified that the wheels in the photograph were similar to those stolen. There was sufficient evidence of identification.

Judgment and order affirmed.

Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 30, 1954.