[Crim. No. 5392. Second Dist., Div. Two. May 21, 1956.]

THE PEOPLE, Respondent, v. TOMMY ANTONE,
Appellant.

Forno & Umann for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of receiving stolen property. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The property involved in this case consists of a sound amplifier, an adding machine and a typewriter, which had been stolen by one Eastin, a high school student 18 years of age. On the night the amplifier was stolen, Eastin met defendant Antone in the home of one Trillo. In a conversation among them, Eastin stated where he obtained the amplifier, and attempted without success to sell it to Antone. At a later date, Eastin and Antone had a telephone conversation in which the latter inquired whether Eastin could get a typewriter. Eastin told him that he would see whether he could get one. At a subsequent date Eastin and defendant had a further conversation relative to the sale of the sound amplifier, in which Eastin told defendant the amount he wanted for it. That evening Eastin went to the defendant's home; he had with him the amplifier, the adding machine and the typewriter, the latter being new. The articles, respectively, were worth $50, $225, and $150. Defendant had never inquired whether Eastin had an adding machine. Defendant paid Eastin $50 for the three items.

James E. Barrick, a member of the Los Angeles Police Department, went to defendant's home because of information that he would find articles that had been taken in burglaries. Upon being admitted, he observed various items of personal property, including radios and an adding machine. The officer asked whether everything in the house was defendant's property, and the latter replied in the affirmative. The officer then observed a typewriter in another portion of the room; he inquired whether the machine belonged to the defendant and the latter replied in the negative. The officer than asked about the adding machine, and defendant stated, "That isn't mine, either. Some kid left them here for me to keep." The officer then inquired who the "kid" was, and defendant replied that he did not know. The officer then went to defendant's garage; there defendant remarked, "Oh, there's

an amplifier that belongs to Trillo, too." Defendant then reached behind some boxes and removed the amplifier. The officer inquired of defendant whether it was not a fact that the amplifier, adding machine and typewriter had been left with him by Irving Eastin. Defendant replied, "Yes, I think his name is Irv." The officer then asked defendant whether he knew the property was "hot"; the latter replied in the affirmative.

Defendant's position is that Eastin, the thief, is an accomplice, and that the uncorroborated testimony of the latter is insufficient to sustain the conviction of receiving stolen property.

The rule is established that a thief is not an accomplice of the person who receives goods, knowing the same to have been stolen, unless a prior conspiracy to steal is disclosed by the evidence. Thus, in the ordinary case of a thief's selling his loot, it may not be successfully asserted that the seller is an accomplice of a purchaser. (*People* v. *Lima,* 25 Cal.2d 573, 576, 579 [154 P.2d 698]; *People* v. *Raven,* 44 Cal.2d 523, 527 [282 P.2d 866]; *People* v. *Bycel,* 133 Cal.App.2d 596, 600 [284 P.2d 927].)

With respect to the amplifier and adding machine, the record fails to disclose any evidence of a prior conspiracy to steal. As to these items, Eastin is not an accomplice. Therefore the uncorroborated testimony of Eastin is sufficient to sustain the conviction. (*People* v. *Raven, supra.*)

A different picture is presented, however, with respect to the typewriter. In view of the previous telephone conversation betwen Eastin and defendant, it may be reasonably inferred that the theft of the typewriter was pursuant to a prior understanding between Eastin and defendant that the former would steal a typewriter and that the latter would purchase it. Such an understanding amounted to a conspiracy between the two whereby one was to steal and the other was to buy. In such circumstances it is held that they are accomplices. Since Eastin is an accomplice, it is necessary that his testimony be corroborated in order to sustain the conviction insofar as the typewriter is concerned. (*People* v. *Lima, supra,* pp. 578, 579; *People* v. *Coakley,* 108 Cal. App.2d 223, 227 [238 P.2d 633].) There is, however, ample corroboration. It will be recalled that the typewriter was in fact in defendant's home. "Possession of stolen property is corroboration of the testimony of an accomplice." (*People* v. *Morrow,* 127 Cal.App.2d 293, 296 [273 P.2d 696];

*People* v. *Coakley, supra,* p. 228.) Also, defendant admitted that the typewriter did not belong to him, and that he knew the property was "hot." He stated that "some kid left" these articles "here for me to keep." At first he denied knowledge as to who the kid was; later he admitted knowing him. These admissions and contradictions provide independent corroborative evidence. (*People* v. *Coakley, supra; People* v. *Willmurth,* 77 Cal.App.2d 605, 612 [176 P.2d 102]; *People* v. *Sandelin,* 105 Cal.App.2d 179 [233 P.2d 147].) In *People* v. *MacEwing,* 45 Cal.2d 218, 224 [288 P.2d 257], the court states that "The corroborating evidence is sufficient if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the witness who must be corroborated is telling the truth. [Citations]." Under this rule it is clear that the above facts furnish sufficient corroboration of the testimony of the accomplice.

The judgment and the order denying motion for a new trial are affirmed.

Moore, P. J., and Ashburn, J., concurred.