[Crim. No. 2909. Third Dist. Jan. 27, 1959.]

THE PEOPLE, Respondent, v. EARL LEON MALONE, Appellant.

Edward J. Allen, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Robert K. Puglia, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Defendant above named was found guilty of the crime of grand theft. His motion for a new trial was denied, and he has appealed from the judgment and from the order denying his motion for a new trial.

The principal and in fact the only contention of appellant is that there is no evidence to connect him with the offense charged, except the testimony of Ray Hill and Dorothy Andrada, both of whom appellant asserts are accomplices. Before discussing this contention, we shall give a brief summary of the evidence as shown by the record.

Approximately 600 feet of rigid electrical conduit pipe was taken without the owner's permission from a construction project at the Red Bluff High School about 10 p.m. the evening of May 5, 1958. The night watchman saw a man who had a bundle of conduit in his hand throw it into the rear of a pickup truck and then enter the cab of the truck where another person was seated and drive away. The night watchman was unable to identify the thief. About 11 p.m. Ray Hill saw the defendant in the living room of the home of Hill's grandfather. The defendant told Ray Hill that he had some pipe to deliver to his father's home. Ray Hill then directed the defendant to his father's home, and subsequently, with Ray Hill's assistance, the pipe was unloaded. After the pipe had been unloaded Ray Hill was told, "Gee this stuff is hot, will you cover it up?" The next morning Ray Hill

determined that the pipe which was unloaded was ¾-inch conduit. Twenty hours later Hill notified the police who came and got the conduit. At the trial Hill testified that he saw another person in the truck who he thought was Dorothy Andrada. She testified that she accompanied the defendant to the job site where he got out of the pickup and loaded the pipe into it. They then drove off and went out to Dan Hill's place (Ray's father) with the pipe where it was unloaded.

Appellant did not testify at the trial and called no witnesses in his defense.

Appellant contends that the evidence is insufficient to sustain his conviction of grand theft because both Ray Hill and Dorothy Andrada are accomplices and there is no other evidence to connect him with the crime. It is conceded that Dorothy Andrada was an accomplice; and that if it must be held as a matter of law that Ray Hill also was an accomplice, the evidence is insufficient to sustain the judgment.

Appellant argues that since the testimony of one accomplice cannot be corroborated by the testimony of another accomplice (*People* v. *Clapp*, 24 Cal.2d 835 [151 P.2d 237]), the conviction is repugnant to California Penal Code, section 1111, which states: "A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

■ A thief and the receiver of the stolen property generally are not accomplices of each other. (*People* v. *Lima*, 25 Cal.2d 573 [154 P.2d 698]; *People* v. *Raven*, 44 Cal.2d 523 [282 P.2d 866]; *People* v. *Conrad*, 125 Cal.App.2d 184 [270 P.2d 31].) ■ However, there is an exception to the foregoing rule. When the thief and receiver conspire together to steal with a prearranged plan for the one who actually steals to deliver the property to the other, they are accomplices of each other. (*People* v. *Lima, supra*; *People* v. *Raven, supra*; *People* v. *Hamilton*, 143 Cal.App.2d 305 [299 P. 2d 716].)

■ There is no evidence in the record from which it may be inferred that Ray Hill conspired with the defendant to steal the pipe. The most that could be inferred is that Hill

took possession of the pipe knowing that it was stolen. Unless the thief and the receiver conspire together in a prearranged plan for one to steal and deliver to the other, the rule is that the thief and the receiver are not accomplices. (*People* v. *Lima, supra.*) There is no evidence in the record which indicates that Hill knew that the pipe was stolen until after it was unloaded. Hill denied complicity in the crime. Upon the record in the instant case the question of whether or not Hill was an accomplice was one of fact for the jury to determine under proper instructions. (*People* v. *Griffin,* 98 Cal.App.2d 1 [219 P.2d 519].) The instructions given by the court are not in the record, and we must assume that the jury was properly instructed. The jury by its verdict of guilty determined that Hill was not an accomplice of appellant, and inasmuch as the testimony of Hill connects appellant with the crime charged the evidence is sufficient to sustain the judgment.

The judgment and order are affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.