[Crim. No. 6829. Second Dist., Div. Two. June 16, 1960.]

THE PEOPLE, Respondent, v. DAVID L. POLSALSKI, Appellant.

*Assigned by Chairman of Judicial Council.

Milton L. Most for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David Cadwell, Deputy Attorney General, for Respondent.

ASHBURN, J.—After a nonjury trial defendant was convicted of five counts of receiving stolen goods with knowledge that same had been stolen (Pen. Code, § 496). He was sentenced to three months in the county jail on each count, sentences to run concurrently, and probation granted for a period of six months. He appeals from the judgment (per Pen. Code, § 1237, subd. 1), and an order denying his motion for new trial.

Appellant's counsel presents three grounds for reversal (1) that the evidence is insufficient in that the conviction rests upon uncorroborated evidence of an accomplice,[1] (2) that defendant was the victim of a "collective entrapment" perpetrated by the police department, and (3) that the court abused its discretion in denying a new trial.

Count I of the information charges the felonious receipt of certain specially fabricated copper strips belonging to Renoir of California, Inc., a manufacturer of costume jewelry. The other four counts relate to bulk silver, silver earrings and silver bracelets, all belonging to Renoir of California, Inc., hereinafter called Renoir.

Augustine Carmona, an employee of Renoir, testified that he stole all the subject items and sold them to defendant who operated a junk yard. Defendant admits that he purchased the copper strips from Carmona on the date alleged in the information. He denied receiving or purchasing any of the silver items.

It is settled law that the thief is not an accomplice of the receiver of stolen property unless the theft and the

---

[1] Penal Code, § 1111: "A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

passing of the property to the alleged receiver of stolen goods were accomplished pursuant to an advance conspiracy to do those things. *People* v. *Lima,* 25 Cal.2d 573, 576 [154 P.2d 698]: "It is now settled in this state that the thief and the receiver of stolen property are not accomplices (*People* v. *Burness,* 53 Cal.App.2d 214, 218-219 [127 P.2d 623]). This is so, because the receiver usually has no part in the theft, directly or indirectly, and the criminal act of knowingly receiving the stolen property occurs independently thereof and at a time subsequent to the completion of the asportation. And conversely, it has been said that inasmuch as a thief cannot receive from himself, he cannot be an accomplice of the receiver. The thief and the receiver are therefore generally said to be guilty of separate and distinct substantive offenses, and not being 'liable to prosecution for the identical offense' are not accomplices within the meaning of that term as defined in section 1111 of the Penal Code. There is, however, a well-established exception to this general rule." Page 578: "When there has been a conspiracy or prearranged plan between the thief and the receiver, the conspirators have been held to be accomplices even where, as is necessary under our statutory definition of accomplices (§ 1111, *supra*), the test is whether they are liable to prosecution for the identical offense or offenses. . . . Where, as here, the prosecution evidence discloses the existence of a conspiracy or agreement whereby the principal prosecution witnesses were to steal and defendant was to purchase the stolen property, it is both logical and reasonable to hold that they are accomplices in the offense or offenses resulting from execution of such plan. If we were to allow the conspiracy element to be disregarded and the accomplice relationship thereby eliminated, the prosecution could circumvent the rule requiring corroboration of accomplice witnesses." To the same effect, see *People* v. *Lyons,* 50 Cal.2d 245, 274 [324 P.2d 556]; *People* v. *Antone,* 141 Cal.App.2d 681, 683 [297 P.2d 88]; *People* v. *Brumback,* 152 Cal.App.2d 386, 390 [314 P.2d 98]; Witkin on California Evidence, section 486, pages 542-543.

As stated above, Carmona swore that he sold silver items to defendant on four occasions in October, 1958, and defendant denied that he ever purchased any silver whatever from Carmona. There is no other evidence on that subject and unless it be part of a larger conspiracy centered upon copper there certainly was none with relation to silver.

 Carmona testified that he sold copper to defendant

from time to time over a period of a year, on about a dozen occasions. Defendant said he had inquired about the source of the copper and was told by Carmona that he was a manufacturer of jewelry and the copper was no good any more for such use, due to rain and air and stains. Carmona testified that he made no such statement; also that he gave no explanation of where he got the merchandise, but while ''I didn't give him no explanation'' ''he knew I was stealing it.'' Also that defendant told him about two months before his arrest to bring the stuff after 4:30 or 5 o'clock because ''they were investigating some material taken from some company,'' but ''they'' were not identified except through the phrase that ''the officers would probably be off duty.'' Defendant was always waiting for him, though he gave no advance notice, so Carmona testified. The foregoing comprises all the evidence pointing in the direction of a prearranged conspiracy to steal; it would support an inference of conspiracy to sell and buy goods which had been stolen, but it spells nothing more than a sale and purchase of stolen property with knowledge of the theft on both sides. If this was a conspiracy to steal, then every sale of stolen property with knowledge of its status on the part of both parties is such a conspiracy, and almost without exception the thief and the receiver are accomplices. Upon similar facts it was held that no conspiracy had been shown in *People* v. *Raven,* 44 Cal.2d 523, 527 [282 P.2d 866] ; *People* v. *Monteverde,* 111 Cal.App.2d 156, 161 [244 P.2d 447] ; and *People* v. *Seiffert,* 81 Cal.App. 195, 198 [253 P. 189]. It does not appear that Carmona was an accomplice whose testimony needed corroboration.

 Upon another ground it must be held that the corroboration argument must fail. Assuming Carmona to have been an accomplice, the corroboration was sufficient. He testified that he sold the copper to defendant and defendant testified that he bought it from Carmona. The merchandise was in defendant's possession at the time of his arrest. Two witnesses from Renoir testified to facts showing felonious disappearance of the copper and the silver. The corroboration of an accomplice need not extend to every fact to which he testifies (*People* v. *Trujillo,* 32 Cal.2d 105, 111 [194 P.2d 681]), or establish the corpus delicti; it is sufficient if it tends to connect the defendant with the commission of the crime in such a way as reasonably to satisfy the

jury that the witness who must be corroborated is telling the truth (*People* v. *MacEwing,* 45 Cal.2d 218, 224 [288 P.2d 257]; *People* v. *Brown,* 49 Cal.2d 577, 583 [320 P.2d 5]; *People* v. *Lyons, supra,* 50 Cal.2d 245, 257; *People* v. *Goldstein,* 146 Cal.App.2d 268, 272 [303 P.2d 892]), provided it does not require ''interpretation and direction of such testimony [of the accomplice] in order to give it value.'' (*People* v. *MacEwing, supra,* p. 225.) ▋ Defendant's own admission or testimony may furnish the required corroboration (*People* v. *Antone, supra,* 141 Cal.App.2d 681, 684; *People* v. *Sullivan,* 144 Cal. 471, 473 [77 P. 1000]; Fricke on Criminal Law (7th ed.), p. 111). ▋ Defendant's testimony at bar to the effect that he bought the particular copper from Carmona fully corroborated the accomplice's assertion that defendant was connected with the crime with which he was charged. It also furnished (at least the trial judge could so find) enough corroboration to satisfy the trier of facts that Carmona was telling the truth about the silver items and defendant's purchases of same.

▋ The stolen copper was found in defendant's possession at the time of his arrest and that fact furnishes some corroboration of the testimony of the accomplice (*People* v. *Antone, supra,* 141 Cal.App.2d 681, 683; *People* v. *Malouf,* 135 Cal.App.2d 697, 706 [287 P.2d 834]; *People* v. *Lopez,* 126 Cal.App.2d 274, 278 [271 P.2d 874]). The theft of the copper occurred on August 29, 1958, and defendant's arrest on or about November 4, 1958. This lapse of time goes to the weight of the corroboration inherent in defendant's possession of the stolen property, but does not destroy it as an element to be considered with the other corroboration above discussed. Carmona, if an accomplice, was adequately corroborated.

▋ Appellant's argument of ''collective entrapment'' was raised for the first time upon motion for new trial. The defense of entrapment must be raised at the trial in order to prevail; it ''is one to be presented as question of fact'' (*People* v. *Ryan,* 103 Cal.App.2d 904, 909 [230 P.2d 359]). See also *People* v. *Terry,* 44 Cal.2d 371, 372 [282 P.2d 19]; *People* v. *Schwartz,* 109 Cal.App.2d 450, 455 [240 P.2d 1024]; *People* v. *Branch,* 119 Cal.App.2d 490, 495 [260 P.2d 27]; *People* v. *Gutierrez,* 128 Cal.App.2d 387, 390 [275 P.2d 65]. It is too late to raise the point for the first time upon motion for new trial.

There was no evidence at the trial of the facts upon which

appellant now relies to establish "collective entrapment." The theory is that the police department had adopted a policy of encouraging the purchase of merchandise at junk yards even though the buyer might have "a slight suspicion" that it had been stolen, this to aid the police in locating the thief. In support of this claim defendant presented upon motion for new trial an affidavit made by his attorney setting forth conversations he had had with police officers on the subject, also the fact of the refusal of one of them to make an affidavit. This showing is wholly hearsay, not supported by any affidavit of defendant himself that the evidence was newly discovered. If the practice prevailed, it was undoubtedly known to defendant before the trial took place.

█ Without pausing to examine the doctrine of "collective entrapment," if there be one, the belated claim is conclusively rendered sterile through application of the principle that entrapment presupposes the commission of the crime alleged and one who denies commission of the crime cannot be heard to say that he was entrapped into doing it after it is proved on him. (*People* v. *Johnson,* 99 Cal.App.2d 559, 562 [222 P.2d 58]; *People* v. *Tillman,* 142 Cal.App.2d 404, 407 [298 P.2d 631]; Fricke on California Criminal Law (7th ed.), p. 38.) Defendant's testimony was to the effect that he did not know or suspect that the copper he bought was stolen. So far as the silver is concerned, defendant testified that he made no such purchase and clearly the defense of entrapment cannot apply to that phase of the case. For the various reasons above set forth it does not now lie with respect to the copper purchase.

█ Abuse of discretion in denial of a new trial is asserted. Of course the trial judge has a broad discretion in this matter. The ruling can be reversed only when it appears that there has been "a clear and unmistakable abuse of such discretion." (*People* v. *Demasters,* 109 Cal. 607, 608 [42 P. 236].) See also *People* v. *McGarry,* 42 Cal.2d 429, 433 [267 P.2d 254]. In our discussion of the first two points made by appellant we have assumed in favor of the ruling, as we are required to do (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]), the existence of every fact which the court reasonably could have deduced from the evidence favorable to respondent's case. But in connection with the claim of abuse of discretion in denial of a new trial a survey of the entire evidence is requisite. After making such survey

we conclude that there was no abuse of discretion in denying the motion in this case.

Judgment and order denying motion for new trial affirmed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.