[Crim. No. 3914. First Dist., Div. Three. Jan. 31, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK WALLACE, Defendant and Appellant.

680

Richard E. Herndon, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J. — Found guilty by a jury of separate counts of sale (Health & Saf. Code, § 11531) and possession (Health & Saf. Code, § 11530) of marijuana, defendant was sentenced to concurrent prison terms. He appeals from the judgment.

A police informer sought to purchase marijuana from defendant, who said he had none. Another police informer joined them, and renewed the request. The informers testified that defendant went with them in their car, directed them to a point where they saw two persons of Spanish appearance, from whom defendant sought marijuana. By arrangement then made, defendant and the informers returned to the same location a few minutes later. Defendant took money from one informer, handed it to one of the two Spaniards, and received a bundle of marijuana cigarettes which he handed to one of the informers. One informer testified that defendant then said "You should give me one," and the Spaniard dropped one marijuana cigarette into defendant's lap. The informers and defendant then drove to the home of one informer, where they smoked marijuana. The informers both testified that defendant there produced and smoked a cigarette other than those he had furnished to them. Defendant testified that the Spaniards were recognized by the informers, rather than by him, and that the negotiations for purchase were carried on by one of the informers. Defendant's part, according to him, was but to follow the informer's instructions.

From the foregoing summary, it is apparent that there is substantial evidence to support the verdict on the sale count. While defendant's testimony would support the view that he was a mere automaton, there is evidence that he was an active participant in the sale. Defendant does not suggest insufficiency of the evidence to support the charge of possession.

█ Defendant contends that his sentences for possession as well as sale violate the rule against multiple punishment for a single act (Pen. Code, § 654). But one punishment may be inflicted, even though several penal provisions be violated, if the violations result from a single act (*Neal* v. *State of California*, 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]) or from a single transaction or course of action (*People* v. *Brown*, 49 Cal.2d 577, 590-591 [320 P.2d 5]). █ Whether a transaction is divisible or indivisible, in this sense, is a question to be resolved upon the facts of each case (*People* v. *Brown*, *supra*, p. 591; and see *In re Chapman*, 43 Cal.2d 385 [273 P.2d 817]; *People* v. *Logan*, 41 Cal.2d 279 [260 P.2d 20]). █ In the case at bar, it seems clear that there is no multiple punishment. Even if the marijuana cigarette given defendant by the Spaniards were a commission to him for arranging the sale to the informers, its possession by defendant was wholly distinct from his possession of the cigarettes sold to the informers. In any event, his later possession of this cigarette when he joined with the informers in smoking clearly was not an incident to the sale (*People* v. *Tenney*, 162 Cal.App.2d 458, 463 [328 P.2d 254]; and see *People* v. *Ayala*, 167 Cal.App.2d 49 [334 P.2d 61].) No double punishment results here.

██ Defendant also argues an issue involving entrapment. The record shows that informers solicited defendant to make the sale of which he was convicted, and renewed their solicitations when he first rebuffed them. Defendant, however, does not contend that entrapment was established as a matter of law. In light of the decisions, he could not well do so (*People* v. *Benford*, 53 Cal.2d 1 [345 P.2d 928], and cases there cited).

He does contend that, even though he failed to request an instruction on the defense of entrapment, the trial court erred in failing to give one on its own motion. We cannot agree. █ The defense here was that defendant did not commit the acts charged, that the informers initiated sale to them by the Spaniards, and that defendant was at most a passive and unwilling participant in the purchase and sale. This defense clearly is inconsistent with the defense of entrapment (*People*

v. *Polsalski,* 181 Cal.App.2d 795, 801 [5 Cal.Rptr. 762] ; *People* v. *Lollis,* 177 Cal.App.2d 665, 670 [2 Cal.Rptr. 420], and cases there cited), which concedes commission of the offense but contends that it should not be punished because the criminal design originated with law officers or those hired by them (*People* v. *Benford, supra*). Instruction upon this defense without request would have been an unwarranted intrusion upon the province of counsel, and could well have prejudiced the defense upon which defendant relied at trial.

 Defendant complains of the trial court's failure, on its own motion, to instruct in detail that only a voluntary confession could be considered by the jury. Defendant made a statement to police officers which, as to the charged sale, substantially conformed to his testimony at trial. As to the charge of possession, this statement admitted that defendant "shared" a cigarette with the informers. This statement is contrary to his testimony, in which he denied smoking marijuana at all on the day in question. Defendant did testify that the police told him they would not let him telephone for an attorney until he made a statement. This claimed duress was denied. But defendant's principal attack upon the statement was that he did not know the meaning of the word "shared," and used it only when the officers told him that if he were present when the others smoked, he was "sharing" their cigarette. The trial court did instruct that "if you find that a voluntary confession was made, you are the exclusive judges as to whether or not the confession was true," and directed consideration of all circumstances connected with the making of the statement. While a more detailed instruction should have been given (*People* v. *Bevins,* 54 Cal.2d 71, 76 [351 P.2d 776]), its omission did not prejudice defendant. The real thrust of his denial of the statement lay in his claim that it was untrue as to the word "sharing." The jury was fully instructed that it was for the jury to determine whether defendant's statement was true. The credibility of defendant's testimony as against the evidence of the two informers as to both counts was the crucial issue in the case. In light of the verdict on both counts, it is difficult to believe that the jury was influenced in any degree by the claimed "confession" as to but one point in the case against defendant on the possession count. We find no prejudicial error.

We have reviewed the other contentions of appellant, and find in them nothing to aid his appeal.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied February 26, 1962, and appellant's petition for a hearing by the Supreme Court was denied March 28, 1962. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.