Filed 12/19/13  Phung v. Phung CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HONG NGHI PHUNG,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAULINE PHAN TAT PHUNG,<br><br>    Defendant and Appellant. | B247633<br><br>(Los Angeles County<br> Super. Ct. No. GD042939) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Harvey A. Silberman, Judge.  Affirmed.

　　　　Pauline Phan Tat Phung, in pro. per., for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

# INTRODUCTION

Pauline Phan Tat Phung (Pauline) appeals from an order granting a post-judgment motion by Hong Nghi Phung (Hong) to enforce a provision of the judgment of marital dissolution providing in part that Hong was entitled to equalization payments from his ex-wife Pauline for his interest in the family residence. Based on a stipulation of the parties, the court ordered in part that Pauline pay Hong $12,054 for past due equalization payments, within 45 days of Hong signing loan documents necessary to refinance the mortgage on the residence. On appeal, Pauline contends that the trial court erred in ordering her to pay Hong this amount. However, the fact that she stipulated to make this payment forecloses her ability to challenge the order on appeal. Even absent the stipulation, however, Pauline has failed to demonstrate that the trial court abused its discretion. Therefore, we affirm the trial court's order.

# FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2009, a judgment was entered dissolving Pauline's and Hong's marriage.[1] As relevant here, the judgment provided for equalization payments by Pauline to Hong in the sum of $88,000, to be paid in 80 monthly installments of $1,000, payable on the first day of each month, commencing January 1, 2009. The judgment also ordered Hong to pay monthly child support to Pauline in the amount of $556 and monthly spousal support in the amount of $250, also commencing January 1, 2009. The judgment provided that both the monthly child support and spousal support payments "shall be an offset against $1,100 per month payable by [Pauline] to [Hong] for his interest in the family residence for 80

---

[1]     We have taken judicial notice of the contents of the record in a previous appeal between the parties, in B232091, which includes the judgment of dissolution entered on September 4, 2009.

2

months commencing on 01/01/2009." Therefore, for 80 months commencing January 1, 2009, the judgment obligated Pauline to pay Hong $294 per month.

On November 20, 2012, Hong filed a request for an order determining "equalization payment arrearages," because Pauline had failed to make any payments pursuant to the judgment. He requested that the court make a finding that Pauline owed him $88,000 and that the court award 10 percent interest. Pauline filed a declaration in response, stating that the monthly $1,100 equalization payment was supposed to be offset by a $556 monthly child support payment and a $250 per month spousal support payment, but Hong had never made such payments. She also stated that Hong was supposed to sign a quitclaim deed on the house so that she could refinance the mortgage in order to pay him, but he did not sign the deed and she could not refinance at a low interest rate.

At a hearing on February 5, 2013, where an English/Cantonese interpreter was present, Pauline and Hong stipulated on the record that Hong would cooperate in signing loan documents necessary to refinance the family home (but not a quitclaim deed), and Pauline would pay him $12,054 for past due equalization payments within 45 days of his signing the documents. The court then issued the following order: "Based on stipulation of the parties, the Court now makes the following orders: [¶] 1. [Hong] shall execute all required loan documents to refinance the family residence. [¶] 2. Arrearages (as to the equalization payment) in the amount of $12,054.00 shall be paid by [Pauline] to [Hong] within 45 days of his signature on said loan documents. [¶] 3. In accordance with the Judgment entered on September 4, 2009, [Pauline] shall continue to pay [Hong] the monthly sum of $294.00 for his interest in the family residence until the $88,000 due is paid in full."

Pauline appeals from this February 5, 2013 order.

## DISCUSSION

The order from which Pauline appeals constitutes an order to enforce the earlier judgment requiring Pauline to make equalization payments to Hong for his interest in the family home. Trial courts have broad discretion to enforce judgments and orders entered pursuant to the Family Code. (*Cal-Western Reconveyance Corp. v. Reed* (2007) 152 Cal.App.4th 1308, 1318; Fam. Code, § 290 ["[A] judgment or order made . . . pursuant to this code may be enforced by the court by execution, the appointment of a receiver, or contempt, or by any other order as the court in its discretion determines from time to time to be necessary."].) We will not disturb the trial court's exercise of discretion unless it appears that there has been a miscarriage of justice. (*In re Marriage of Dandona & Araluce* (2001) 91 Cal.App.4th 1120, 1126.)

In this case, the parties reached a stipulation on the record, and the trial court entered an order thereon, that Pauline would pay Hong $12,054 within 45 days of Hong providing his signature on the refinancing documents. Because Pauline stipulated to pay this amount, she has waived her right to appeal the issue. (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 ["[A]n appellant waives his right to attack error by expressly or implicitly agreeing or acquiescing at trial to the ruling or procedure objected to on appeal."].) Of course, under the trial court order we now affirm, the $12,054 payment is conditioned on Hong providing his signature on the mortgage loan documents.

Even if Pauline had not stipulated to pay $12,054 so long as Hong signed the loan documents, she has not demonstrated any abuse of discretion on the part of the trial court in ordering her to pay Hong $12,054 for past due equalization payments. She contends that because she is not fluent in English, she

4

misunderstood the definition of the term "offset" used in the judgment, and interpreted it to mean that she did not owe Hong anything. She also suggests that the court interpreter failed to properly interpret the word. However, if Pauline did not understand the terms of the judgment, she should have moved the trial court to set it aside on the grounds of her unilateral mistake. (Fam. Code, § 2122, subd. (e).)[2] She may not raise the issue for the first time on appeal. Further, having failed to challenge the competency of the interpreter below, she may not raise that issue on appeal either. (*People v. McNeal* (1954) 123 Cal.App.2d 222, 225.) If there is a dispute whether Hong signed the loan documents, that is a matter for the trial court to determine.

Pauline also asserts what is in essence a laches defense, suggesting that after the September 2009 judgment was issued, Hong never raised the issue of the equalization payments until the February 5, 2013 hearing, at which point his request came as a shock to her. A review of the record in her previous appeal, however, demonstrates that her assertion that Hong never previously raised the issue is inaccurate. Indeed, Hong raised the issue at a January 26, 2010 hearing, where an interpreter was present, at which time the court explained to Pauline that she owed Hong monthly payments for his share of the family residence.

---

[2]     "In proceedings for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court may, on any terms that may be just, relieve a spouse from a judgment, or any part or parts thereof, adjudicating support or division of property, after the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this chapter." (Fam. Code, § 2121.) "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] . . . [¶] (e) As to stipulated or uncontested judgments or that part of a judgment stipulated to by the parties, mistake, either mutual or unilateral, whether mistake of law or mistake of fact. An action or motion based on mistake shall be brought within one year after the date of entry of judgment." (Fam. Code, § 2122.)

In sum, the trial court did not abuse its discretion in rendering its order regarding equalization payments.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:



EPSTEIN, P. J.



MANELLA, J.


6